UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **SKYWARD ENERGY, LTD,** | § § § | |
| *Plaintiff/Counter-Defendant* | § § | |
| v. | § § | CIVIL ACTION NO. 7:18-cv-00235 |
| **CLIPPER WINDPOWER DEVELOPMENT, LLC** | § § § § | |
| *Defendant/Counter-Plaintiff.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Clipper Windpower Development Company, LLC ("Defendant")[1] files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and removes this action from the 385th Judicial District Court of Midland County, Texas.  This Notice of Removal is supported by the facts set forth below and the attached exhibits, including a declaration establishing the amount in controversy and an appendix containing all documents filed in the state court action.

I. **PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND**

Plaintiff Skyward Energy, LTD ("Plaintiff") filed its Original Petition (the "Petition") on October 30, 2018, in the 385th Judicial District Court of Midland County, Texas, Cause No. CV-55063 (the "State Court Action").  Defendant's registered agent was served with citation and a copy of Plaintiff's Petition on November 15, 2018.  On December 10, 2018, Defendant answered the Petition, and on December 17, 2018, Defendant filed its Original Counterclaim.

As set forth more fully below, the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.  The Court has diversity jurisdiction over this

---

[1] Defendant was incorrectly named by Plaintiff in the State Court Action as Clipper Windpower Development, LLC.

case because (i) this is a civil action between citizens of different states; (ii) the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest; and (iii) Defendant has satisfied the procedural requirements for removal.

## II. GROUNDS FOR REMOVAL

### A. Diversity jurisdiction exists.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, between … citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a).

*1. The amount in controversy exceeds $75,000*

Plaintiff's Petition does not allege a specific amount of damages, nor does it include any statement describing the monetary relief sought, despite the clear mandate of Rule 47 of the Texas Rules of Civil Procedure. "When the complaint does not allege a specific amount of damages, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 585 (W.D. Tex. 2013); *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant can meet that burden by "setting forth facts, either in the removal petition or by affidavit, that support a finding of the requisite amount." *Id.* As set forth in attached declaration of Jon D. Kreucher, counsel for Defendant, the monetary value of the proprietary data at issue in this case exceeds $75,000. See Exhibit A.

*2. Complete diversity exists.*

The citizenship of a limited partnership (like Plaintiff) is based upon the citizenship of each of its partners, while the citizenship of an LLC (like Defendant) is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th

Cir. 2008). Defendant is a Delaware limited liability corporation, whose sole member is a resident of Delaware. According to Texas Secretary of State records, Plaintiff is a Texas limited partnership. On information and belief, all of Plaintiff's partners are residents of Texas.[2] Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware, complete diversity exists in this case.

### B. Removal is procedurally proper.

Removal is timely in that no more than thirty days have elapsed since the Petition was served on Defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

This action is properly removed to the United States District Court for the Western District of Texas, Midland-Odessa Division, because the State Court Action is pending in Midland County, Texas, which is within the jurisdiction of the Midland-Odessa Division. *See* 28 U.S.C. §§ 124(b)(2), 1446(a).

Pursuant to 28 U.S.C. §1446(a) copies of all process, pleadings, orders, and other documents on file with the District Court of Midland County are attached hereto as <u>Exhibit B</u>.

### III. CONCLUSION

Wherefore, Defendant removes the State Court Action and requests that the Court assume jurisdiction over this action for all purposes.

---

[2] The undersigned contacted Plaintiff's counsel prior to filing this notice of removal. The citizenship of Plaintiff's partners pleaded above is based on that conversation, as well as Texas Secretary of State records.

Dated: December 17, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jason M. Hopkins*
　　　　　　　　　　　　　　　　　　　　　　　Jason M. Hopkins
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24059969
　　　　　　　　　　　　　　　　　　　　　　　Jason.Hopkins@dlapiper.com
　　　　　　　　　　　　　　　　　　　　　　　Britney J.P. Prince
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24098237
　　　　　　　　　　　　　　　　　　　　　　　Britney.Prince@dlapiper.com
　　　　　　　　　　　　　　　　　　　　　　　**DLA PIPER LLP**
　　　　　　　　　　　　　　　　　　　　　　　1717 Main Street, Suite 4600
　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　　　214-743-4546 – telephone
　　　　　　　　　　　　　　　　　　　　　　　972-813-6267 – facsimile

　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR CLIPPER WINDPOWER DEVELOPMENT, LLC**

## CERTIFICATE OF SERVICE

　　I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system and certified mail, return receipt requested, on December 17, 2018.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jason M. Hopkins*
　　　　　　　　　　　　　　　　　　　　　　　Jason M. Hopkins